**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

SALVADOR MENA,                              No. 2:12-CV-1799-CMK-P

          Plaintiff,

    vs.                                     <u>ORDER</u>

J. CLARK KELSO,

          Defendant.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 9).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: J. Clark Kelso; Stephen Tseng, M.D.; Anne Glaser, M.D.; Scott Heatley, M.D.; Jalal Soltanian, D.O.; and William Knipp, prison warden.  Plaintiff claims:

I am afflicted with hepatitis C virus and prostate cancer.  I was removed from my pain management program based on a non-medical reason during 2010.  Since that time, I have expressed and complained of pain to my rib area, right side of my upper quad.  Dr. S. Tseng states that end stage liver cirrhosis or hepatitis C virus does not cause pain.  Dr. S. Tseng had maintained pain relief for approximately two years prior to his decision to discontinue relief.  Each of the named defendants, except as for the warden, have, in some way acted in my case, and each have continued to deny me adequate and effective pain relief and management.  Mule Creek State Prison medical department refuses to provide pain relief and management to me and to other prisoners who were previously maintained on pain medication and appliances.  MCSP has effectively taken prisoners off of medication for two reasons.  First, is the cost.  Second, to demonstrate to the federal court and J. Clark Kelso, that the medical departments in each state prison is providing adequate and effective medical treatments.

I was specifically told by a Physician's Assistant (PA) that the AFP tests were too expensive and would not be scheduled on a regular basis.  I was also told by the same PA that end stage cirrhosis and/or hepatitis C virus is not a painful condition.

Finally, I believe that the AFP tests were discontinued in order to hide the level of new growth on my liver.  If I complain regards pain and there is no evidence that I suffer from a painful condition then it is impossible to prove regards my complaint.

I suffer sharp, throbbing, and burning pain on my right upper quad and this is on a daily basis.  I am unable to lay on my right side.  I suffer from fatigue, short winded, always tired, and pain.

2

## II.  DISCUSSION

The court finds that plaintiff's complaint suffers a number of defects, discussed below:

### A.      Defendants Kelso, Glaser, Heatley, and Soltanian

Plaintiff has not alleged any specific facts related to these four defendants.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff will be provided an opportunity to amend to include specific allegations as to defendants Glaser, Heatley, Soltanian, and Kelso.

### B.      Defendant Tseng

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

1  "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

2  801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only

3  when two requirements are met: (1) objectively, the official's act or omission must be so serious

4  such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

5  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

6  inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison

7  official must have a "sufficiently culpable mind." See id.

8      Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

9  injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at

10  105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental

11  health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is

12  sufficiently serious if the failure to treat a prisoner's condition could result in further significant

13  injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d

14  1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

15  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

16  is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

17  activities; and (3) whether the condition is chronic and accompanied by substantial pain. See

18  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

19      The requirement of deliberate indifference is less stringent in medical needs cases

20  than in other Eighth Amendment contexts because the responsibility to provide inmates with

21  medical care does not generally conflict with competing penological concerns. See McGuckin,

22  974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to

23  decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

24  1989). The complete denial of medical attention may constitute deliberate indifference. See

25  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical

26  treatment, or interference with medical treatment, may also constitute deliberate indifference.

4

1  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

2  demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

3        Negligence in diagnosing or treating a medical condition does not, however, give

4  rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

5  difference of opinion between the prisoner and medical providers concerning the appropriate

6  course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

7  90 F.3d 330, 332 (9th Cir. 1996).

8        In this case, plaintiff claims that defendant Tseng, a prison doctor, violated his

9  constitutional rights by discontinuing pain medications.  The court finds that this claim amounts

10  to no more than a difference of opinion as to plaintiff's course of treatment and that such a claim

11  is not cognizable under § 1983.  Plaintiff will be provided an opportunity to amend to allege facts

12  which show deliberate indifference and not merely a difference of opinion as to proper treatment.

13      **C.**    **Defendant Knipp**

14        Plaintiff states: "Each of the named defendants, except as for the warden, have, in

15  some way acted in my case, and each have continued to deny me adequate and effective pain

16  relief and management."  By this allegation, plaintiff concedes that the prison warden –

17  defendant Knipp – was not personally involved in the alleged constitutional violations.

18  Supervisory personnel are generally not liable under § 1983 for the actions of their employees.

19  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat

20  superior liability under § 1983).  A supervisor is only liable for the constitutional violations of

21  subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme

22  Court has rejected the notion that a supervisory defendant can be liable based on knowledge and

23  acquiescence in a subordinate's unconstitutional conduct because government officials,

24  regardless of their title, can only be held liable under § 1983 for his or her own conduct and not

25  the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

26  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation

of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 129 S.Ct. at 1948.

While plaintiff appears to allege that there exists a policy against providing inmates with pain management medications due to expense, plaintiff does not allege who is responsible for implementation of such a policy.  To the extent plaintiff's claim against defendant Knipp is based on implementation of an allegedly defective policy concerning pain management medication, plaintiff will be provided an opportunity to amend in order to allege a link between such implementation and defendant Knipp.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

1  plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

2  complete in itself without reference to any prior pleading.  See id.

3          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

4  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

5  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

6  each named defendant is involved, and must set forth some affirmative link or connection

7  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

8  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9          Finally, plaintiff is warned that failure to file an amended complaint within the

10  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

11  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

12  with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

13  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

14          Accordingly, IT IS HEREBY ORDERED that:

15          1.      Plaintiff's complaint is dismissed with leave to amend; and

16          2.      Plaintiff shall file a first amended complaint within 30 days of the date of

17  service of this order.

18

19   DATED:  October 19, 2012

20

21                                          CRAIG M. KELLISON
                                            UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

7