IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR MENA, | No. 2:12-CV-1799-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| J. CLARK KELSO, | |
| Defendant. | |
| _____/ | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

       On October 22, 2012, the court dismissed plaintiff's complaint and directed plaintiff to file an amended complaint within 30 days.  As of January 2, 2013, plaintiff had not filed an amended complaint and the court directed plaintiff to show cause in writing within 30 days why the action should not be dismissed for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.  On January 28, 2013, plaintiff responded by seeking additional time to file an amended complaint.  On January 30, 2013, plaintiff's request was granted and plaintif was directed to file an amended complaint within 30 days.  On March 15,

2013, plaintiff asked for additional time and on March 26, 2013, the court issued an order directing plaintiff to file an amended complaint within 30 days. Plaintiff was granted another 30 day extension of time on May 1, 2013. To date, plaintiff has not filed an amended complaint as initially directed in October 2012.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to prosecute this action by filing an amended complaint as directed, the court finds that dismissal of this action is appropriate.

///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed without prejudice for lack of prosecution and failure to comply with court rules and orders; and

2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: July 29, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE